IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

MISC. NO. 18-00408 DKW-RT

In the Matter of the Search of:

94-1018 Kaloli Loop,
Waipahu, Hawaii 96797

**ORDER DENYING PETITIONER'S MOTION: (1) FOR RETURN OF PROPERTY; AND (2) TO EXERCISE CONSTITUTIONALLY SECURED RIGHTS**

On October 4, 2018, Petitioner Elvah Miranda filed a Motion for Return of

Property (First Motion), to which the Government responded on November 9,

2018.  Dkt. No. 1; Opp., Dkt. No. 4.  Although the deadline passed without a reply,

Miranda did file a November 20, 2018 "Emergency Motion to Claim and Exercise

Constitutionally Secured Rights and Require the Presiding Judge to Rule Upon this

Motion and Compel All Public Officers of This Court to Uphold Said Rights

Pursuant to Their Oaths to the Constitution" (Second Motion).  Dkt. No. 5.

Miranda's Second Motion seeks relief identical to her First Motion without

offering any additional reason why such relief should be awarded.[1]  Accordingly,

the Court construes both motions as seeking the return of property, pursuant to

---

[1] The Second Motion includes information regarding how Miranda and her family were treated during the execution of a search warrant and tangentially references due process and equal protection.  However, no specific relief is sought as a result, and the Court does not address these references as separate claims.

Federal Rule of Criminal Procedure 41(g). So construed, both motions are

DENIED for the reasons stated below.[2]

## BACKGROUND

I.     Search Warrant

On June 7, 2018, the Magistrate Judge found probable cause to issue a

search warrant for Miranda's residence, located at 94-1018 Kaloli Loop, Waipahu,

Hawaii 96797. Ex. A; Second Motion at 4. The search warrant application was

supported by the sealed affidavit of a special agent of the Internal Revenue Service

(IRS). Opp. at 2. The application included a list of items to be seized, including

tax documents and computers. Motion, Ex. A.

On June 13, 2018, the IRS executed the search warrant on Miranda's

residence. Second Motion ¶¶1-15; Opp. at 3. During the search, several of

Miranda's computers and digital media storage devices were imaged or

impounded, and financial documents and receipts were seized. Ex. A. Miranda

was given an inventory of the seized items along with a copy of the search warrant.

*Id.*

II.    Tax Court Proceedings

In May 2018, Miranda's spouse, Daniel Miranda, filed a petition with the

United States Tax Court alleging that he had not received any notice of deficiency

---

[2]Pursuant to Local Rule 7.2(d), the Court opts to decide both motions without a hearing.

or notice of determination from the IRS. *See* Ex. B, Tax Court Order, July 20, 2018, ¶1. On August 13, 2018, the Tax Court dismissed the petition for lack of jurisdiction, pursuant to a motion to dismiss filed by the IRS. Ex. C. In September 2018, the Tax Court dismissed a nearly identical petition filed by Elvah Miranda on the same grounds. Second Motion, Ex. 2. In both cases, the Tax Court determined that there were no notices of deficiencies or notices of determination sent to Miranda or her spouse that would confer jurisdiction on the Tax Court. *Id.*

It appears Miranda believes that the jurisdictional orders from the Tax Court somehow invalidate or at least vitiate an IRS criminal investigation that includes the search warrant for her residence that was executed in June 2018. Because this apparent belief is patently incorrect, and because Miranda has provided no other valid reason for the immediate return of her property, the motions are DENIED.

## LEGAL FRAMEWORK

Return of property in a criminal case is governed by Fed.R.Crim.P. 41(g), which provides, in relevant part, that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Rule 41(g) is ordinarily used to seek the return of property after an indictment is issued. Federal district courts nonetheless also "have the power to entertain motions to return property seized by the government when there are no criminal proceedings pending against the movant." *Ramsden v. United States,* 2

F.3d 322, 324 (9th Cir.1993) (citing *United States v. Martinson,* 809 F.2d 1364, 1366–67 (9th Cir.1987)) (construing former Fed.R.Crim.P. 41(e), which addressed motions for return of property). In those instances, "[t]hese motions are treated as civil equitable proceedings and, therefore, a district court must exercise 'caution and restraint' before assuming jurisdiction." *Id.* (quoting *Kitty's East v. United States,* 905 F.2d 1367, 1370 (10th Cir.1990)).

## DISCUSSION

Miranda moves for the return of her property seized during the June 2018 execution of a search warrant by the IRS. Motion ¶1. In support of her Motion, Miranda argues that the IRS' search and seizure was *ultra vires* (Motion ¶¶1, 4); the IRS did not comply with the Fair Debt Collection Practices Act (FDCPA) (Motion ¶7); and the Tax Court's dismissal of Miranda's petition for lack of jurisdiction indicates that the IRS has no pending action against Miranda.[3] Because Miranda's arguments misapprehend the law and the facts regarding the search warrant, her motions are DENIED.

In deciding a pre-indictment Rule 41(g) motion, courts consider several factors, including whether:

---

[3]Mindful that Miranda is proceeding pro se, the Court liberally construes her pleadings. *See Eldridge v. Block,* 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)).

> (1)    the Government displayed a callous disregard for the constitutional rights of the movant;
>
> (2)    the movant has an individual interest in and need for the property [s]he wants returned;
>
> (3)    the movant would be irreparably injured by denying return of the property; and
>
> (4)    the movant has an adequate remedy at law for the redress of h[er] grievance.
>
> If the balance of equities tilts in favor of reaching the merits of the Rule 41(g) motion, the district court should exercise its equitable jurisdiction to entertain the motion.

*United States v. Kama,* 394 F.3d 1236, 1238 (9th Cir.2005) (citations and quotation marks omitted) (alterations in original).

As to the first factor, an *in camera* review of the Application and Affidavit for Search Warrant makes clear that the Government has not displayed "a callous disregard" for Miranda's constitutional rights. To the contrary, the IRS followed proper search warrant procedures and obtained the Magistrate Judge's approval to conduct the search following a showing of probable cause. This evidences the Government's respect for—not callous disregard of—Miranda's constitutional rights.

Notwithstanding the Magistrate Judge's imprimatur, Miranda evidently believes that the IRS acted without the authority to do so (Motion ¶ 5), and, from this, she infers the necessary "callous disregard." But Miranda's premise is incorrect. The IRS possesses the jurisdiction and authority to investigate potential federal tax crimes. *See e.g.* 26 U.S.C. § 7608(b); Internal Revenue Manual, Ex.

9.1.3-1; *see also* 18 U.S.C. § 287.  Moreover, the agency is not subject to the

provisions of the FDCPA (15 U.S.C. 1692(a)(6)(c)), and therefore, Miranda's

assertions that the IRS acted in violation of various FDCPA unfair debt collection

practices (Motion, ¶7) has little relevance.   Miranda also misunderstands the

consequence of the dismissal of her (and her husband's) Tax Court petition(s).  The

Tax Court ruled that it could not exercise jurisdiction because the IRS had not

issued a notice of deficiency or a notice of determination for Miranda's tax years in

question.  *See* Dkt. No. 5-3 at 6.  The Tax Court's action has no relevance to the

existence or status of a criminal tax investigation under Title 18 of the United

States Code, in part, because the Tax Court has no jurisdiction over such matters.

*See,* Tax Court Rule 13.  Indeed, the Government avers that such a criminal

investigation is ongoing.  Opp at 2.  There is therefore no basis for Miranda's

assertion that no pending criminal investigation exists that would warrant the

seizure of her property.

      The balance of the *Kama* factors dictates the same result.  For instance,

while the declaration in support of the Second Motion reflects Miranda's individual

interest in certain seized property (such as a luxury watch and foreign currencies),

the declaration does not address Miranda's "need" for the return of the property,

nor does the declaration (or motions) assert irreparable injury.  In fact, it appears

that Miranda has an adequate means to redress any failure by the Government to

return her property at the conclusion of any criminal investigation or proceedings. Or, at least, Miranda has not carried her burden of demonstrating the contrary.

Finally, the Court agrees with the Government: Even if it were to exercise equitable jurisdiction utilizing the guidance offered by *Kama*, the outcome on the merits would be no more favorable to Miranda.  Opp. at 6-7.  That is because there is no evidence that the property seized by the Government on June 13, 2018 was done so illegally.  Indeed, as set forth above, the evidence is quite the opposite.

## CONCLUSION

For the foregoing reasons, Petitioner's Motions for Return of Property and to Exercise Constitutionally Secured Rights are DENIED.  The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

DATED:  January 11, 2019 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge

*In the Matter of the Search of 94-1018 Kaloli Loop, Waipahu, Hawaii 96797*; MISC No. 18-00408 DKW-RT; **ORDER DENYING PETITIONER'S MOTION: (1) FOR RETURN OF PROPERTY; AND (2) TO EXERCISE CONSTITUTIONALLY SECURED RIGHTS**